**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **EUGENE C. SMALLS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **07-715C** |
| | ) | **(Judge Bush)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss plaintiff Eugene C. Smalls's pro se amended complaint for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted.

## ISSUES PRESENTED

1. Whether plaintiff's amended complaint should be dismissed for lack of subject matter jurisdiction because his claim for military retired pay is barred by the six-year statute of limitations.

2. Alternatively, whether plaintiff's claims are barred by the doctrine of res judicata because they arise from the same transactional facts as two prior suits in Federal court in Hawaii and the District of Columbia, because both prior cases, like the instant case, involve plaintiff's 1980 discharge from the Marine Corps without receiving medical retirement pay or benefits, and the decisions by the Board for Correction of Naval Records ("BCNR" or "board") concerning the discharge and plaintiff's challenges to them.

## STATEMENT OF THE CASE

### I. Nature Of The Case

Mr. Smalls alleges that the Executive Director of the BCNR violated his rights under 10 U.S.C. §§ 1201 and 1552, and the Fourteenth Amendment to the Constitution, by failing to submit his applications to the BCNR to correct his military records to show entitlement to retirement benefits. Am. Compl. ¶¶ 31, 33, 35. Mr. Smalls asserts jurisdiction under "28 U.S.C. § 1292(d)(4)(A) under the Tucker Act, 28 U.S.C. § 1491(a)(1) & (2); and the Administrative Procedure Act, 5 U.S.C. §§ 701 and 706." Am. Compl. ¶ 9.

Mr. Smalls does not seek specific monetary damages in this action. Instead, he requests injunctive relief to compel the three member panel of the BCNR to consider his "applications and new evidence." Am. Coml. ¶ 37. Mr. Smalls seeks to correct his military records to show that he is "medically retired from the United States Marine Corps and subject to "Disability Pay or place (sic) on the Temporary Disability Retired List. Am. Coml. ¶ 37 (emphasis in original). Specifically, Mr. Smalls seeks correction of his records to show that he was "permanently and medically retired" with a "30%" disability rating for each of several service-related conditions, e.g., ("Chronic bilateral plantar fasciitis," "aggravated bilateral pes valgo planus III," "PTSD or a stresses (sic)), and "a moderate condition of pseudofoliculitis barbae, rated at 10%" disability), with an effective date of retirement on December 4, 1980. Am. Coml. ¶ 38 (emphasis in original). Alternatively, Mr. Smalls requests that the Court remand his case to the BCNR for proper application of "all applicable rules, regulations and laws, along with new material." Am. Coml. ¶ 40.

## II. Factual And Procedural Background

Mr. Smalls served in the United States Marine Corps from June 29, 1978 until his discharge on December 4, 1980. Am. Compl. ¶ 38; see Smalls v. United States, 87 Fed. Appx. 167 (Fed. Cir. 2004), cert. denied, 543 U.S. 942 (2004); Smalls v. United States, 471 F.3d 186, 188 (D.C. Cir. 2006). On various occasions between 1986 and 1992, Mr. Smalls unsuccessfully sought to have the BCNR amend his service records to reflect a medical disability retirement entitling him to medical retirement benefits. Smalls, 87 Fed. Appx. 167; Smalls, 471 F.3d at 188. The BCNR twice denied Mr. Smalls's appeal to upgrade his discharge status on June 26, 1986 and on November 13, 1992. See Smalls v. United States, 87 F. Supp. 2d 1055, 1057, 1059 (D. Haw. 2000). On April 11, 1997 and again on January 5, 1998, the Secretary of the Navy affirmed the BCNR's decision denying Mr. Smalls's requests to amend his records. Id. at 1057; Smalls, 471 F.3d at 188.

In 1998, Mr. Smalls filed suit in the United States District Court for the District of Hawaii ("Hawaii district court"), seeking review of the BCNR's denial of his requests to correct his service records. See Smalls, 87 F. Supp. 2d 1055; Smalls, 87 Fed. Appx. 167. After the district court dismissed the initial complaint, Mr. Smalls filed an amended complaint under the Administrative Procedure Act (APA), seeking judicial review of the BCNR's refusal to amend his records, and monetary damages for negligent infliction of emotional distress and defamation. Smalls, 471 F.3d at 188. The district court found that Mr. Smalls's APA claim was timely, but dismissed his claims for emotional distress and defamation. Id., citing Smalls, 87 F. Supp. 2d at 1060. Subsequently, the district court affirmed the BCNR's decision on the merits, finding that the BCNR had a sufficient basis on which to presume that Mr. Smalls's medical condition was

not service-connected and, therefore, had not acted arbitrarily in refusing to correct his service record. Smalls, 87 Fed. Appx. 167; Smalls, 471 F.3d at 188. Mr. Smalls appealed to the United States Court of Appeals for the Ninth Circuit. Smalls, 87 Fed. Appx. 167; Smalls, 471 F.3d at 188. The Ninth Circuit originally affirmed the district court on the merits. Smalls, 471 F.3d at 188 (citations omitted). However, the Ninth Circuit later withdrew its affirmance and transferred the appeal to the United States Court of Appeals for the Federal Circuit. Smalls, 87 Fed. Appx. 167; Smalls, 471 F.3d at 188.

In its decision dated January 14, 2004, the Federal Circuit, citing Martinez v. United States, 333 F.3d 1295 (Fed. Cir. 2003) (en banc), found that Mr. Smalls's claim was time-barred because he filed his complaint more than six years after his discharge. Smalls, 87 Fed. Appx. at 168; Smalls, 471 F.3d at 188. The Federal Circuit vacated the Hawaii district court's opinion, and, upon remand, the district court dismissed the case for lack of jurisdiction. Smalls, 87 Fed. Appx. at 168; Smalls, 471 F.3d at 188.

Subsequently, Mr. Smalls filed suit in the United States District Court for the District of Columbia ("D.C. district court"), challenging the Secretary of the Navy's denial of his request for disability retirement status. Smalls, 471 F.3d at 188. On December 8, 2004, the D.C. district court granted the Government's motion to dismiss because it found that res judicata, or claim preclusion, barred Mr. Smalls's action. Id. at 189. Specifically, the district court found that Mr. Smalls "had merely 'repackaged . . . in virtually identical form' his earlier Hawaii complaint challenging the same underlying decisions: Smalls's discharge from the Marines without disability pay and the BCNR's decisions concerning his retirement status." Id.

On December 27, 2004 and March 4, 2005, respectively, Mr. Smalls twice moved for reconsideration of the D.C. district court's decision dismissing the amended complaint. Id. The district court denied both motions for reconsideration, relying on the reasons cited in its December 8, 2004 decision. Id. On February 9, 2005, Mr. Smalls filed a notice of appeal from the December 8, 2004 order dismissing the amended complaint, which the United States Court of Appeals for the District of Columbia Circuit dismissed as untimely. Id. On March 25, 2005, Mr. Smalls filed an amended notice of appeal with the D.C. Circuit from the district court's orders denying reconsideration, which the Court of Appeals found timely. Id. On December 19, 2006, the D.C. Circuit held that the district court did not abuse its discretion in denying Mr. Smalls's motions for reconsideration of its order dismissing the amended complaint on res judicata grounds, and affirmed. Id. at 193.

While pursuing his case before the D.C. district court and the D.C. Circuit, Mr. Smalls continued to press administrative claims to the BCNR. On June 15, 2005, the Executive Director of the BCNR denied Mr. Smalls's May 20, 2005 application for reconsideration to the board. Am. Compl. ¶ 23. On March 26 and March 30, 2007, the Executive Director informed Mr. Smalls that because "pseudofolliculitis barbae is not considered to be a disability under the laws administered by the military departments," and is properly a matter within the jurisdiction of the Department of Veterans Affairs, Mr. Smalls's case "has been closed administratively without further consideration by the Board." Id. at ¶ 24.

Mr. Smalls filed a complaint with this Court on October 4, 2007. On November 15, 2007, Mr. Smalls filed an amended complaint, challenging the decisions of the BCNR and its Executive Director in denying his applications for reconsideration.

## ARGUMENT

### I. This Court Lacks Jurisdiction To Entertain Mr. Smalls's Claims

#### A. Standard Of Review Under RCFC 12(b)(1)

A motion to dismiss should be granted when, accepting the complaint's allegations as true and drawing all inferences in favor of the plaintiff, it is evident that plaintiff is legally entitled to no relief. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). Plaintiff always bears the burden to establish jurisdiction if defendant challenges it. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Rice v. United States, 31 Fed. Cl. 156, 161 (1994), aff'd, 48 F.3d 1236 (Fed. Cir. 1995) (table). Pro se complaints are construed particularly liberally; "this latitude, however, does not relieve a pro se plaintiff from meeting jurisdictional requirements." Bernard v. United States, 59 Fed. Cl. 497, 499 (2004). When the absence of a viable claim appears upon the face of the complaint and is obviously not curable, summary dismissal conserves both the Court's and the litigant's resources. Brown v. Strickler, 422 F.2d 1000, 1002 (6th Cir. 1970) (quoting Harmon v. Superior Court, 307 F.2d 796, 797 (9th Cir. 1962)).

In deciding a motion to dismiss for lack of jurisdiction, this Court can consider evidentiary matters outside the pleadings. Cedars-Sinai Medical Ctr. v. Watkins, 11 F.3d 1573, 1584 (Fed. Cir. 1993). In this vein, the Court is empowered to take judicial notice of prior court decisions involving the same parties, which are matter of public record. See Biomedical Patent Management Corp. v. California, No. 2006-1515, 2007 WL 3071687 at *12 n.1 (Fed. Cir. Oct. 23, 2007); Curtis v. United States, 212 Fed. Appx. 991 (Fed. Cir. 1991).

B. Mr. Smalls's Claim For Disability Retired Pay Is Barred By The Statute Of Limitations

This Court lacks jurisdiction to entertain Mr. Smalls's claim for disability retired pay because it is barred by the six-year statute of limitations applicable to military pay cases. The jurisdiction of the United States Court of Federal Claims is set forth in the Tucker Act, 28 U.S.C. § 1491 (2006). The relevant statute of limitations, 28 U.S.C. § 2501, which is "an express limitation on the Tucker Act's waiver of sovereign immunity," Hart v. United States, 910 F.2d 815, 817 (Fed. Cir. 1990), bars every claim of which the Court has jurisdiction "unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501; see Brown Park Estates-Fairfield Development Co. v. United States, 127 F.3d, 1449, 1454-55 (Fed. Cir. 1997). Compliance with the statute of limitations "is an explicit jurisdictional prerequisite for the commencement of suit." Coon v. United States, 30 Fed. Cl. 531, 534 (1994), aff'd, 41 F.3d 1520 (Fed. Cir. 1994)(Table). It is well established that the "six-year statute of limitations [is] strictly adhered to in military pay cases." Mai v. United States, 22 Cl. Ct. 664, 668 (1991)(quoting Waldorf v. United States, 8 Cl. Ct. 321, 323 (1985).

In Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) the United States Court of Appeals for the Federal Circuit held that a plaintiff's "cause of action for military back pay accrues at the time of the plaintiff's discharge." Applying this longstanding rule, the Federal Circuit held that Mr. Smalls's cause of action in the Hawaii case accrued on the date of his discharge in 1980, rather than on the date of the final decision of the corrections board, as Mr. Smalls's had argued. See Smalls, 87 Fed. Appx. at 168 ("in light of Martinez, Smalls's complaint was untimely and should have been dismissed"). Subsequent to its decision in Martinez, the

Federal Circuit held that claims asserting entitlement to disability retirement pay "generally do not accrue until the appropriate military board either finally denies such a claim or refuses to hear it." Chambers v. United States, 417 F.3d 1218, 1224 (Fed. Cir. 2005) citing Real v. United States, 906 F.2d 1557, 1560 (Fed. Cir. 1990); see Van Allen v. United States, 70 Fed. Cl. 57 (2006).

Applying the Court's holding in Chambers, Mr. Smalls's cause of action is time-barred. The BCNR issued its final decision denying Mr. Smalls's appeal on November 13, 1992. See Smalls, 87 F. Supp. 2d at 1057, 1060. The Secretary of the Navy affirmed the BCNR's decision denying Mr. Smalls's requests to amend his records in 1997 and 1998. Id. at 1057; Smalls, 471 F.3d at 188. Mr. Smalls's claim thus accrued in 1992 when the BCNR denied his appeal. Chambers, 906 F.2d at 1560. His cause of action ran six years later in 1998. Mr. Smalls filed the instant amended complaint nine years later on November 15, 2007, well past the six-year statute of limitations period .

Moreover, Mr. Smalls's administrative petitions to the BCNR on May 20, 2005 and thereafter did not toll the six-year statute of limitations. Am. Compl. ¶23. As this Court concluded in a similar case, Van Allen, "the reconsideration by the BCNR which resulted in the decision, dated June 9, 1995, again denying record correction, did not serve to deprive the prior March 21, 1986 BCNR decision of finality for the purposes of filing suit within limits set by 28 U.S.C. § 2501." Van Allen, 70 Fed. Cl. at 64. Because Mr. Smalls did not file suit within the six-year limitation period prescribed in 28 U.S.C. § 2501, his claim is barred. Accordingly, the Court should dismiss Mr. Smalls's amended complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), RCFC.

### C. Plaintiff's Claims Alleging Constitutional Violations Should Be Dismissed

To the extent that Mr. Smalls alleges that the Executive Director of the BCNR violated his rights under the Fourteenth Amendment to the Constitution, see Am. Compl. ¶¶ 4, 35, this Court does not possess jurisdiction to entertain constitutional claims (other than claims pursuant to the Takings clause of the Fifth Amendment), because those claims are not money-mandating. Elkins v. United States, 229 Ct. Cl. 607, 608 (1981). It is well established that the Equal Protection Clause, specifically, is not money-mandating, and claims based upon it are beyond the jurisdiction of the Court. Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997).

## II. Alternatively, The Complaint Should Be Dismissed For Failure To State A Claim

### A. Legal Standard Under RCFC 12(b)(6)

A motion to dismiss pursuant to RCFC 12(b)(6) should be granted where it appears beyond a doubt that plaintiff has failed to allege facts sufficient to support its claim. Mostowy v. United States, 966 F.2d 668, 672 (Fed. Cir.1992). In ruling on a RCFC 12(b)(6) motion to dismiss, the Court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to plaintiff. Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir.1991)). However, in deciding whether to dismiss a complaint under RCFC 12(b)(6), this Court can consider matters of public record, such as prior court cases between the parties. See Sebastian v. United States, 185 F.3d 1368, 1374 (Fed. Cir. 1999), citing Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994); United States v. Provident Nat'l Bank, 259 F. Supp. 373, 376 (E.D. Pa. 1966) (taking judicial notice of a statute not mentioned in the complaint); Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990). Moreover, "legal conclusions, deductions, or opinions couched as factual allegations are

not given a presumption of truthfulness." Blaze Constr., Inc. v. United States, 27 Fed. Cl. 646, 650 (1993).

B. **Plaintiff's Claims Are Barred By Res Judicata**

Mr. Smalls's claims for medical retirement and amendment of his service record are barred from further judicial consideration by res judicata, or claim preclusion. This doctrine requires that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores Inc. v Moltie, 452 U.S. 394, 398 (1981). The purpose of res judicata is "an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled between the parties." Id. at 401. The party moving for dismissal under res judicata must establish "that (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003).

Here, each element of the doctrine of res judicata is met. Identity of parties is established by the fact that the parties in the instant case, Mr. Smalls and the United States, are the same as in Mr. Smalls's prior action in the Hawaii district court and the Federal Circuit, and his second action in the D.C. district court and the D.C. Circuit. Smalls, 87 Fed. Appx. 167; Smalls, 471 F.3d 186; see Ammex, 334 F.3d at 1055.

The second element is established because dismissal of a case on statute of limitations grounds constitutes a final judgment on the merits. Tindle v. United States, 56 Fed. Cl. 337, 346 (2003), citing Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995); So, Calif. Fed. Sav. &

Loan Ass'n v. United States, 52 Fed. Cl. 444, 451-54 (2002); Martin v. United States, 30 Fed. Cl. 542, 548 (1994), aff'd 41 F.3d 1519 (Fed. Cir. 1994). Thus, when the Hawaii district court, at the direction of the Federal Circuit, dismissed Mr. Smalls's case based on the bar of the statute of limitations, the D.C. Circuit found that this served as "a final judgment on the merits." Smalls, 471 F.3d at 192; Smalls, 87 Fed. Appx. 167. Similarly, the D.C. district court's dismissal of Mr. Smalls's amended complaint on res judicata grounds, and the D.C. Circuit's affirmation of that dismissal, constituted a final judgment on the merits of the second action. Smalls, 471 F.3d at 192; see Inland Steel Company v. LTV Steel Company, 364 F.3d 1318, 1320 (Fed. Cir. 2004) quoting Anthony v. Marion County Gen. Hosp., 617 F.2d 1164, 1169-70 (5th Cir. 1980) ("dismissal with prejudice is deemed an adjudication on the merits for the purposes of res judicata"); Ammex, 334 F.3d at 1055.

The third element of res judicata is established because the instant case and the prior Hawaii and D.C. district court cases stem from the same underlying transaction - Mr. Smalls's discharge from the Marine Corps in 1980. The D.C. Circuit Court remarked upon the transactional identity of Mr. Smalls's prior lawsuits, as follows:

> In accordance with the doctrine of res judicata, the record shows that both the D.C. and Hawaii lawsuits arise from the same underlying transaction and in both Smalls alleged he was improperly discharged without medical disability benefits, challenged agency decisions relating to his discharge and subsequent administrative challenges, and sought correction of his military record so as to qualify him for medical disability retirement benefits.

Smalls, 471 F.3d at 193.

In the amended complaint, Mr. Smalls alleges the same wrongs as in his two prior suits - that the Marine Corps improperly discharged him without any medical disability retirement pay or benefits. Am. Compl. ¶¶ 37, 38; Smalls, 471 F.3d at 193; Smalls, 87 Fed. Appx. 167. As in the prior suits, Mr. Smalls challenges the decisions of the BCNR relating to his discharge and its failure to "correct Smalls's military record to show entitlement to retirement benefits," and its failure to award him "Disability Pay." Am. Compl. ¶ 35, 37; Smalls, 471 F.3d at 193. Mr. Smalls seeks substantially the same remedies as in the prior suits, e.g., correction of his military records to show that he was "permanently and medically retired" with a "30%" disability rating for various "service-related condition[s]," backdated from December 4, 1980. Am. Compl. ¶ 38. Smalls, 471 F.3d at 193; Smalls, 87 Fed. Appx. 167. The amended complaint is thus based on the same transactional facts as the Hawaii and D.C. cases. Ammex, 334 F.3d at 1055. As the D.C. Circuit found in Mr. Smalls's earlier cases, and apropos here, "the factors relevant to the transactional analysis point against Smalls in light of his goal of having his military record corrected so that he will be eligible to receive medical disability retirement benefits." Smalls, 471 F.3d at 193. Mr. Smalls's claim thus meets the "third and final element of the Ammex test and is therefore subject to preclusion under the doctrine of res judicata." Schrader v. United States, 75 Fed. Cl. 242, 249 (2007).

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant defendant's motion to dismiss for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted..

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Joseph A. Pixley
JOSEPH A. PIXLEY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit 8th Floor
Washington, D.C. 20530
Tel. (202) 307-0843
Fax. (202) 307-0972

December 3, 2007

Attorneys for Defendant.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Motion to Dismiss, Memorandum in Support, and proposed Order has been made by mailing copies thereof to:

December 3, 2007.

Eugene C. Smalls
2312 22nd Ave. SW
Largo, FL 33774

s/ Joseph A. Pixley